INHABITANTS OF YORK *vs.* JOHN C. STEWART et als.

Opinion February 25, 1908.

*Bond. Pleading. Declaration.*

In an action upon the official bond of a town treasurer, it is sufficient to declare in the writ only upon the penal part of the bond and allege a breach by the non-payment thereof.

In debt on bond, it is not necessary for the plaintiff in his declaration to count upon any other than the penal part of the instrument, leaving the condition to be pleaded by the defendant if it affords him any defense.

The penal part of a bond alone constitutes, prima facie, a right of action, the breach being the non-payment of the money.

*Waterman* v. *Dockray*, 56 Maine, 52, approved.

On exceptions by plaintiff.     Sustained.

Action of debt on the official bond given by the principal defendant John C. Stewart as treasurer of the town of York, York County, for the year beginning March 12, 1906. The defendants prayed oyer of the bond and the same was produced in court and read. The defendants then filed a special demurrer to the declaration which was sustained by the presiding Justice and thereupon the plaintiff excepted.

The declaration in the plaintiff's writ was as follows: "In a plea of debt, for that the said John C. Stewart, J. Perley Putnam, Charles F. Blaisdell, Ernest F. Hobson, Edward E. Young, Edward S. Marshall, Samuel A. Preble, Charles H. Young and Joseph W. Simpson, on the thirty-first day of March in the year of

our Lord one thousand nine hundred and six, at York, aforesaid, by their writing obligatory of that date, sealed with their seals, and here in court to be produced, bound and acknowledged themselves to be indebted to the plaintiffs in the sum of fifteen thousand dollars, to be paid to the plaintiffs on demand ; and said plaintiffs aver that said defendant Blaisdell executed said writing obligatory by and under the name of Charles F. Blaisdell ; that said defendant Hobson executed said writing obligatory by and under the name of E. F. Hobson ; that said defendant Young executed said writing obligatory by and under the name of E. E. Young ; that said defendant Marshall executed said writing obligatory by and under the name of Edw. S. Marshall ; that said defendant Simpson executed said writing obligatory by and under the name of Jos. W. Simpson : yet, though requested, the said defendants have never paid the same to the said plaintiffs, but wholly refuse and neglect so to do ; to the damage of the said plaintiffs, (as they say), the sum of thirty thousand dollars, which shall then and there be made to appear, with other due damages."

At the return term of the writ the defendants filed pleadings as follows :

"Now come the defendants in the above entitled cause, and having claimed oyer of a certain writing obligatory mentioned in plaintiffs' declaration annexed to the writ, in the above entitled cause now pending before said court, the same is read to them in this language :

' Know all men by these presents that John C. Stewart, J. Perley Putnam, Charles F. Blaisdell, Ernest F. Hobson, Edward E. Young, Edward S. Marshall, Samuel A. Preble, Charles H. Young and Joseph W. Simpson, all of York in the county of York and State of Maine are holden and stand firmly bound and obliged unto Inhabitants of York in the county of York and State of Maine in the sum of fifteen thousand dollars to be paid to said Inhabitants their successors Executors, Administrators, or Assigns, to which payment, well and truly to be made, we bind ourselves, our Heirs, Executors, and Administrators, firmly by these presents.

'Sealed with our seals. Dated the thirty-first day of March in the year of our Lord one thousand nine hundred and six.

'The condition of the above obligation is such, that whereas John C. Stewart has been elected Treasurer of the Town of York for the year beginning March 12, 1906.

'Now, therefore, if the above bounded John C. Stewart shall well and truly perform all the duties of said office then this obligation shall be void; otherwise it shall remain in full force.

'Witness our hands and seals on the day and year above written.

In presence of
ELLEN M. WELCH.

| | |
|---|---|
| JOHN C. STEWART. | (L. S.) |
| J. PERLEY PUTNAM. | (L. S.) |
| CHAS. F. BLAISDELL. | (L. S.) |
| E. F. HOBSON. | (L. S.) |
| E. E. YOUNG. | (L. S.) |
| EDW. S. MARSHALL. | (L. S.) |
| SAMUEL A. PREBLE. | (L. S.) |
| CHARLES H. YOUNG. | (L. S.) |
| JOS. W. SIMPSON. | (L. S.), |

"And now comes the defendants and demur to the plaintiff"s declaration and each and every count thereof, and for causes of special demurrer show:

"First: That the defendants say that the declaration annexed to plaintiff's said writ is insufficient in law, in that it is not claimed or declared that there has ever been any .breach by any or all of the defendants of the writing obligatory declared upon.

"Wherefore the said defendants pray for their costs."

The plaintiffs joined issue as follows: "And the plaintiffs say that said' declaration is sufficient in law, wherefore they pray judgment."

*James O. Bradbury and Geo. F. & Leroy Haley*, for plaintiffs.
*Cleaves, Waterhouse & Emery*, for defendants.

SITTING: EMERY, C. J., WHITEHOUSE, SAVAGE, SPEAR, CORNISH, KING, JJ.

SPEAR, J.  In this case the plaintiffs brought an action upon the official bond of the defendant, as treasurer of the town of York, and sureties, declaring in their writ only upon the penal part of the bond and alléging a breach by the non-payment thereof.  The defendants prayed oyer of the bond and it was produced in court and read. They then filed a special demurrer to the declaration "that the defendants say that the declaration annexed to plaintiffs said writ is insufficient in law in that it is not claimed or declared that there has ever been any breach by any or all of the defendants of the writing obligatory declared upon."  The demurrer was sustained and exceptions taken to the ruling.  The exceptions must be sustained. This form of pleading is now too well established to admit of discussion.  It follows the directions prescribed in Oliver's Precedents, Chitty's Pleading, Stephens on Pleading and Gould's Pleading. It is also the well established method under our own decisions.

In *Waterman* v. *Dockray*, 56 Maine, 52, involving an action upon a probate bond the court say : "The. real controversy seems to be on which party is the duty of setting out the condition? . . . . Usually there is no difficulty in such actions on bonds.  The plaintiff declares on the penal part of the bond and makes profert of the whole instrument."

In *Colton et als* v. *Stanwood et als*, 68 Maine, 482, the precise question now before us was raised, the defendants contending that the "plaintiffs should allege breaches of the condition of the bond." With respect to this contention the court say: "All authorities concur in holding that, in debt on bond, it is not necessary for the plaintiff, in his declaration, to count upon any other than the penal part of the instrument; leaving the condition to be pleaded by the defendant, if it affords him any defence.  For the penal part of the instrument alone constitutes, prima facie, a right of action, the breach being the non-payment of the money."  *Waterman* v. *Dockray*, is approved by citation.

*Exceptions sustained.  Demurrer overruled.*